cc: order, docket remand letter to Los Angeles Superior Court No. BC 436557

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present                         Not Present

**Proceedings (IN CHAMBERS):**   Order GRANTING Motion to Remand [Doc No. 12]

Currently before the Court is Plaintiff Michelle Quesada's ("Plaintiff") Motion to Remand. Having considered the matter, the Court deems it appropriate for decision without oral argument. *See* FED. R. CIV. P. 78; L.R. 7-15. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

**I.   BACKGROUND**

Defendant Herb Thyme Farms, Inc. ("Defendant" or "Herb Thyme") is a Delaware corporation with its headquarters and principal place of business in California. (Second Amended Complaint "SAC" ¶ 3.) Plaintiff alleges that Defendant marketed and sold its herbs as "Fresh Organic" with the "USDA Organic" graphic on its package, when it was in fact a mix of organic and conventional herbs. This served to mislead customers to believe That the higher price charged was because they are purchasing 100% organic products. (*Id.* ¶ 3-5.) Based on the foregoing, Plaintiff filed this action in the Superior Court of California on behalf of "[a]ll persons within the state of California who purchased" such products from Defendant. (*Id.* ¶ 14.)

Defendant removed the case to this Court on January 3, 2011 pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Subsequently, Plaintiff filed this Motion to Remand ("Motion") alleging that because more than two-thirds of the class members are California citizens, the "local controversy" exception to CAFA applies, and the Court lacks jurisdiction to hear the case.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

## II. LEGAL STANDARD

Defendant may generally remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A district court *must* remand a removed action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). A district court *may* remand to state court a removed action involving pendent claims "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1998). When ruling on a motion to remand, the Court determines removability from the Complaint as it existed at the time of removal. *Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Further, because there is a strong presumption against removal jurisdiction, if the court has any doubts about its subject matter jurisdiction, the case must be remanded to state court. *Duncan v. Stuetzle* , 76 F.3d 1480, 1485 (9th Cir. 1996).

## III. DISCUSSION

### A. DEFENDANT'S BURDEN TO SHOW REMOVABILITY

Defendant removed the case to this Court pursuant to CAFA, 28 U.S.C. § 1332(d)(2). "CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2)). Neither party disputes that these requirements are met. However the Court has an independent duty to consider its own subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments).

"[U]nder CAFA[,] the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685

O / JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

(9th Cir. 2006). Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *see Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations and citation omitted).

Here, Plaintiff does not specify the amount of damage in her SAC. Instead, Plaintiff seeks, *inter alia*, restitution to Plaintiff and each member of the class, compensatory damages, an order permanently enjoining Defendant from engaging in the wrongful conduct, pre- and post-judgment interest, and reasonable attorneys' fees and the costs of this action. (Prayer for Relief, SAC at 17.) Defendant claims that Plaintiff's prayer indicates that the amount in controversy exceeds $5,000,000 for several reasons.

*First, Defendant claims* "in excess of $5 million of Herb Thyme 'Fresh Organic' product [was sold] within the State of California." (Notice of Removal ¶ 20-21.) This allegation, however, merely states the total amount of sales in California but fails to show the amount of economic injury sustained individually or in the aggregate by the class. Specifically, this figure fails to state the price Defendant charged for each product, the number of products sold in California, the number of individuals in the class, or other facts that might support CAFA jurisdiction. Absent this information, the court is unable to conclude that the amount of restitution and compensatory damages exceed $5,000,000. See *Lowerdermilk v. United States Bank Nat'l Ass'n.*, 479 F.3d 994, 1002 (9th Cir. 2007) ("Until the parties are able to . . . ascertain the potential size of the class or the extent of the damages, we cannot base our jurisdiction on a [d]efendant's speculation and conjecture."); *Guerrero v. Mobilefunster, Inc.*, No. C 08 04389 SBA, 2009 WL 195918, at *1 (N.D. Cal. Jan. 26, 2009) ("speculat[ing] as to the size of the class and the average amount of recovery for each class member, or simply guess[ing] at how much of [defendant's] revenue is relevant to this action . . . is an insufficient basis for the assertion of subject matter jurisdiction").

Second, Defendant alleges that Plaintiff seeking permanent injunctive relief alone

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

makes the amount in controversy exceed $5,000,000 because Plaintiff alleges that "sales of organic food in the U.S. have grown from $1 billion in 1990 to $22.9 billion in 2008, [and] [t]hat figure is expected to *rise* to as much as $28 billion by 2012." (Notice of Removal ¶ 22). These figures, however, merely show the growth of organic food sales in the United States in general, but not the sales of Defendant's particular product. Therefore, Defendant's argument that permanent injunctive relief here exceeds $5,000,000 simply because the organic food sales in U.S. is expected grow is again mere speculation and conjecture. Accordingly, the Court cannot conclude that the value of permanent injunctive relief exceeds $5,000,000.

Third, Defendant alleges that "a potential attorney fee award at just 25% of the amount already in controversy on the claims for compensatory damages adds at least another $2,500,000." (Notice of Removal ¶ 23.) As the Court noted above, Defendant fails to provide sufficient facts for the Court to determine compensatory damages. As the Court cannot determine the amount of compensatory damages, the Court cannot accept Defendant's proposed award, which is contingent on the compensatory damages.

Therefore, because Defendant fails to show that the amount in controversy exceeds $5,000,000, it fails to meet its burden to show removability. Accordingly, the Court finds remand to be proper.

### B. Plaintiff's Burden to Show Local Controversy Exception to CAFA

Although the Court finds remand to be proper due to Defendant's failure to show removability, the Court will briefly address Plaintiff's burden to show applicability of the local controversy exception to CAFA, which is the gravamen of parties' dispute in this matter.

*Assuming* that Defendant has met the burden to show removability, a district court must still decline to exercise jurisdiction if an exception to CAFA applies. 28 U.S.C. § 1332(d)(4). Pursuant to § 1332(d)(4), the "local controversy" exception to CAFA applies over class actions where no similar class action has been filed in the preceding three years, and:

O / JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.

*Id.* The burden to prove applicability of an exception to CAFA's jurisdiction is on "the party seeking remand." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

Plaintiff seeks remand on the basis that the local controversy exception to CAFA applies here because: (1) more than two-thirds of the members of the plaintiff class are California citizens; (2) Defendant is a California citizen; and (3) the principal injuries were incurred in California. The parties dispute only the first factor. Defendant argues the exception does not apply because Plaintiff, who has the burden to show applicability of the exception, cannot show that more than two-thirds of the class members are California citizens.

Plaintiff defines the class as "[a]ll persons within the state of California who purchased HerbThyme fresh herbs sold as 'Fresh Organic' but which included some portion of conventionally grown herbs." (SAC ¶ 14.) Such definition indicates that Plaintiff's proposed class is limited to purchasers within California. A court in this circuit has specifically found that if a complaint asserts "claims only on behalf of California purchasers," then "greater than two-thirds of the members" are citizens of California. *See Rotenberg v. Brain Research Labs LLC*, No. C-09-2914 SC, 2009 WL 2984722, at *2-3 (N.D. Cal. Sept. 15, 2009). This Court agrees and finds that Plaintiff has met the burden in establishing the local controversy exception to CAFA applies to this case.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00016 ODW(SSx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | *Michelle Quesada, et al. v. Herb Thyme Farms, Inc., et al.* | | |

## IV.  CONCLUSION

Because Defendant has not met its initial burden to show removability, the Court lacks jurisdiction to hear this case. Furthermore, even if Defendant had shown removability, the Court still lacks jurisdiction because the local controversy exception to CAFA applies. Plaintiff's Motion to Remand is therefore **GRANTED** and this action **REMANDED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |